CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 2 7 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JUSTIN MURPHY,<br>    Plaintiff, | Civil Action No. 7:09cv00059 |
| v. | **MEMORANDUM OPINION** |
| SHERIFF DON FARLEY,<br>    Defendant. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Justin Murphy, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343, alleging that he did not receive his mail on a certain occasion. The court finds that Murphy's allegation fails to state a claim upon which the court may grant relief and, therefore, dismisses his action pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

Murphy alleges that he "did not receive important documents in the mail and did not receive notification of its [sic] return." Based on the grievance responses he includes as attachments to his complaint, it appears that Murphy is complaining that his family sent him some documents in the mail, which he did not receive at the jail and which his family did not have returned to them. Murphy does not allege how the named defendant is involved in his claim, but it appears that he is alleging that the jail received his mail but did not give it to him.

## II.

As a prison inmate, Murphy retains certain First Amendment rights, including the right to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401, 407-08 (1989). Isolated incidents of mail mishandling, while not to be condoned, do not rise to the level of a constitutional violation. See Pearson v. Simms, 345 F. Supp. 2d 515, 519 (D. Md. 2003) (aff'd, 88 Fed. Appx. 639 (4th Cir.

2004)) (holding that "occasional incidents of delay or non-delivery of mail" are not actionable under § 1983); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (noting that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); Gardner v. Howard, 109 F.3d 427, 430-31 (8th Cir. 1997) (holding that isolated, inadvertent instances of legal mail being opened outside of an inmate's presence are not actionable); Bryant v. Winston, 750 F. Supp. 733, 734 (E.D. Va. 1990) (holding that an isolated incident of mail mishandling, which is not part of any pattern or practice, is not actionable under § 1983).

In this case, Murphy only alleges that he did not receive certain mail, but does not explain how the only named defendant, the Sheriff, was involved in violating any constitutional right. In addition, Murphy does not offer anything beyond sheer speculation to show that the jail in any way mishandled his mail. Even assuming Murphy could prove that the defendant mishandled his mail, at most, he has only alleged a single incident of mishandling. Because there is no indication that the incident was part of any official practice or pattern, the court finds that Murphy's claim fails.

### III.

For the reasons stated, the court finds that Murphy has not presented any claims on which relief can be granted, and therefore, dismisses Murphy's complaint pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 27th day of February, 2009.

United States District Judge

2